IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-00034-BO

| | |
|---|---|
| PAULETTE WHITE-JOHNSON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on May 17, 2023, at Raleigh, North Carolina and the motions are ripe for ruling. For the reasons that follow, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). Plaintiff filed her application for DIB on May 3, 2019, alleging an onset date of February 1, 2019. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ). On July 23, 2021, the ALJ issued a decision finding that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review, making the ALJ decision the final decision for purposes of judicial review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 1, 2019. At step two, the ALJ found that plaintiff had the following severe impairments: migraine headaches, seizures, essential hypertension, idiopathic intracranial hypertension, depression, and anxiety. At step three, the ALJ determined that these impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found plaintiff had the residual functional capacity (RFC) to perform light

2

work with certain exertional and nonexertional limitations: never climb ladders, ropes, or scaffolds; no exposure to unprotected heights or moving mechanical parts; and no exposure to bright lights, defined as no brighter than in a doctor's office; simple, routine, and repetitive tasks; no production rate pace; simple work-related decisions; frequent interactions with supervisors, coworkers, and the public; and will be off task up to 5% in an eight-hour workday. At step four, the ALJ determined that plaintiff could not perform her past relevant work as a credit clerk and at step five the ALJ found that, based on plaintiff's age, education, work experience, and RFC, jobs exist in the national economy in significant numbers that plaintiff could perform, such as merchandise marker, router, and cafeteria attendant. Therefore, the ALJ concluded that plaintiff was not disabled.

Plaintiff contends that the ALJ committed reversible error by assigning her an RFC that was not supported by substantial evidence, and then relying on that flawed RFC to find her capable of performing SGA-level jobs at step five of the review process. In essence, plaintiff argues that the ALJ cherrypicked the evidence it needed to determine that plaintiff was not disabled.

## I. Plaintiff's RFC was supported by substantial evidence drawn from the record in its entirety.

The ALJ is required to consider the record as a whole when making her decision, but she is not required to give weight to medical opinions not supported by the record. The ALJ considered all of plaintiff's ailments—physical and psychological—before making her decision, but the objective medical record did not support plaintiff's claim of disability.

Regarding opinion evidence, the ALJ considered the opinions of the state agency medical examiners as well as plaintiff's treating physicians. State agency medical examiner Esther Pinder, M.D., evaluated the record and determined that plaintiff could perform light work with no climbing

3

of ladders, ropes, or scaffolds and avoidance of all exposure to hazards. State agency medical consultant, Evelyn Jimenez-Medina, M.D., affirmed Dr. Pinder's opinion, but determined that plaintiff could occasionally climb ladders, ropes, and scaffolds and should avoid even moderated exposure to hazards. The ALJ adopted Dr. Pinder's opinion but added an environmental limitation regarding bright lights, but only after reviewing the medical opinions of plaintiff's physicians.

The ALJ considered the laparoscopy post-op check from plaintiff's treatment provider William Chapman, M.D., who recommended that plaintiff lift nothing greater than ten pounds for two weeks, but that recommendation was limited in time to plaintiff's post-operative recovery. Dr. Ebunoluwa Taylor indicated that plaintiff was unable to return to work "at that time," but the ALJ found this opinion to be vague in its application. Furthermore, Bushra Javed, M.D., recommended extreme work limitations for plaintiff: she needs to lay down four hours in a workday, sit only three hours, stand two hours, walk only one hour, and lift twenty pounds rarely. Dr. Javed, however, failed to cite objective evidence for his opinion which was not otherwise supported by the record.

In terms of mental impairments, the ALJ considered the entirety of the record despite plaintiff's failure to submit mental health treatment records. The ALJ noted that plaintiff's mental status exams showed some anxiety and short-term memory problems, but that plaintiff receives only routine treatments and has no record of emergency care. Additionally, the ALJ took note of the medical opinions of additional doctors, but the sum of the evidence supports ALJ's finding that plaintiff's mental health issues are adequately managed. Out of consideration for plaintiff's conditions, including her fatigue and migraine headaches which plaintiff had worked with in the past, the ALJ limited plaintiff to simple, routine, and repetitive tasks; no production rate pace;

4

simple work-related decisions; frequent interactions with supervisors, coworkers, and the public; and that plaintiff be off task up to 5% in an eight-hour workday.

In sum, the ALJ considered the opinions of the medical evaluators and formulated an RFC which is supported by substantial evidence in the record. The Court's review does not confirm plaintiff's argument that the ALJ cherry-picked evidence or otherwise failed to adequately account for any of plaintiff's limitations.

## CONCLUSION

Accordingly, having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motion for judgment on the pleadings [DE 15] is DENIED and defendant's motion for judgment on the pleadings [DE 18] is GRANTED. The clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this 20 day of June 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE